SUMMARY ORDER
Plaintiff Judith Beyar appeals from a judgment of the District Court, entered on May 3, 2007, following a jury trial and verdict in favor of her employer, defendant New York City Fire Department (“FDNY”). Beyar had alleged sex discrimination, retaliation, a hostile work environment, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and other federal and state anti-discrimination statutes. On appeal, Beyar argues that the District Court erred in (1) granting the FDNY’s motion in limine pursuant to Rule 403 of the Federal Rules of Evidence, and (2) denying her motion to set aside the verdict under Rule 59(a) of the Federal Rules of Civil Procedure because of defense counsel’s alleged misconduct during summation. We assume the parties’ familiarity with the facts and procedural history of this case.
The District Court chose to exclude several categories of proposed evidence after performing a balancing test on the record under Rule 403. We review a district court’s decision under Rule 403 for abuse of discretion. See Sprint/United Mgmt. Co. v. Mendelsohn, — U.S. —, 128 S.Ct. 1140, 1145, 170 L.Ed.2d 1 (2008) (“[Cjourts of appeals uphold Rule 403 rulings unless the district court has abused its discretion.”); see also Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (“A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.” (internal alteration, citations, and quotation marks omitted)). In light of the record before us, which reflects the District Court’s weighing of the probative value of the evidence against the risk of prejudice, we find no basis to conclude that the District Court abused its discretion.
We review a district court’s denial of a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure for abuse of discretion, viewing the evidence in the light most favorable to the moving party. See Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir.2004); see also Sims, 534 F.3d at 132 (abuse of discretion standard). We have previously stated that a new trial should be granted on the basis of an attorney’s remarks during summation “only if counsel’s conduct created undue prejudice or passion which played on the sympathy of the jury.” Matthews v. CTI *419 Container Transp. Int’l, Inc., 871 F.2d 270, 278 (2d Cir.1989). In a Memorandum and Order, the District Court found that defense counsel referred to facts that were in evidence (and, in fact, had been offered into evidence by plaintiffs counsel) and drew inferences that are routine in a case for money damages. See Beyar v. City of New York, No. 04-CV-3765, 2007 WL 1959010, at *3 & n. 3, 2007 U.S. Dist. LEXIS 47447, at *11-12 & n. 3 (E.D.N.Y. June 29, 2007); see also id. 2007 WL 1959010, at *3-4, 2007 U.S. Dist. LEXIS 47447, at *13-14 (citing Marcic v. Reinauer Transp. Cos., 397 F.3d 120, 125 (2d Cir.2005) (“A claim for money damages does create a financial incentive to be untruthful, and it was not improper for opposing counsel to invoke this incentive in an attempt to impeach plaintiff.”)). The District Court further determined that any possible impropriety was remedied by the Court’s repeated instructions to the jury that statements by lawyers were not evidence. Beyar, 2007 WL 1959010, at *4-5, 2007 U.S. Dist. LEXIS 47447, at *15-16. We find no basis in the record to disagree.
We have considered Beyar’s remaining arguments and find them to be without merit. Therefore, in light of the foregoing, the judgment of the District Court is AFFIRMED.